# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE V. VARGAS-ARGETA, | : | Civil No. 3:17-cv-1015 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| CRAIG A. LOWE, | : | |
| Respondent | : | |

## MEMORANDUM

Presently pending before the Court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner Jose V. Vargas-Argeta ("Petitioner"). (Doc. 1). Petitioner challenges the constitutionality of his detention by the United States Immigration and Customs Enforcement ("ICE") pending the outcome of removal proceedings. (*Id.*). In response, Respondent contends that Petitioner's current detention pursuant to 8 U.S.C. § 1226(a) is lawful and does not offend due process, and he is not entitled to release or a bond hearing. (Doc. 5). For the reasons set forth below, the Court will grant in part Petitioner's writ of habeas corpus.

## I. Background

Petitioner is a citizen and national of El Salvador. (Doc. 5-1, p. 3, Notice and Order of Expedited Removal; Doc. 5-1, p. 4, Record of Deportable/ Inadmissible Alien). On April 25, 2016, a Border Patrol Agent encountered Petitioner near Hidalgo, Texas. (Doc. 5-1, p. 4, Record of Deportable/ Inadmissible Alien). Petitioner had no valid immigration

documents and a Border Patrol Agent determined that he had unlawfully entered the United States from Mexico. (Doc. 5-1, p. 6, Record of Deportable/ Inadmissible Alien). Immigration officials determined that Petitioner was inadmissible pursuant to section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). (Doc. 5-1, p. 7, Notice to Appear). Petitioner was taken into ICE custody pending his removal. (Doc. 5-1, p. 6). When interviewed by Customs and Border Protection Agents, Petitioner admitted that he had did not have the necessary legal documents to enter, pass through, or remain in the United States, and that he illegally crossed the international boundary without being inspected by an Immigration Officer at a port of entry. (Doc. 5-1, p. 6). Petitioner also stated that he did not fear persecution or torture if returned to his country of citizenship, he did not want an interview with an asylum officer, and he requested to be returned to El Salvador. (*Id.*). On April 27, 2016, an expedited order of removal was issued. (Doc. 5-1, p. 2, Notice and Order of Expedited Removal).

Petitioner subsequently applied for asylum. (*See* Doc. 5-1, p. 7). On May 26, 2016, an asylum officer determined that Petitioner demonstrated a credible fear of persecution or torture if he returned to El Salvador. (Doc. 5-1, p. 7, Notice to Appear).

On June 27, 2016, an immigration judge denied Petitioner's request for a change in custody status and concluded that he was a flight risk. (Doc. 1, p. 2).

On November 21, 2016, an immigration judge denied Petitioner's applications for

asylum, withholding of removal, and withholding and deferral of removal under Article III of the Convention Against Torture Act, and ordered Petitioner removed from the United States to El Salvador. (Doc. 5-1, p. 9, Order of the Immigration Judge). Petitioner appealed the immigration judge's November 21, 2016 decision to the Board of Immigration Appeals ("BIA"). (*See* Doc. 5-1, p. 11). On April 11, 2017, the BIA dismissed Petitioner's appeal of the immigration judge's November 21, 2016 decision denying his applications for asylum, and withholding and deferral of removal. (Doc. 5-1, pp. 10- 12, Decision of the BIA). Petitioner then filed a petition for review with the United States Court of Appeals for the Third Circuit. *See Vargas-Argeta v. Att'y General*, No. 17-1866 (3d Cir.) (docket sheet, available at https://ecf.ca3.uscourts.gov) (last visited December 17, 2018). On May 10, 2017, the Third Circuit Court of Appeals granted Petitioner's motion for a stay of removal pending disposition of his petition for review. (*Id.*, Order Dated May 10, 2017). In its order granting the motion for a stay, the Third Circuit found that Petitioner "has shown at least a reasonable probability that he could succeed on his asylum claim, and also that he would suffer irreparable injury if not granted a stay." (*Id.*). On November 8, 2018, the Third Circuit Court of Appeals held oral argument on the merits of the petition for review. (*Id.*). The petition for review remains pending before the Third Circuit Court of Appeals.

Petitioner filed a motion for a bond redetermination hearing before an immigration judge. (Doc. 1, p. 3). On June 5, 2017, an immigration judge denied Petitioner's request for

a change in custody status based on lack of jurisdiction. (Doc. 5-1, p. 13, Order of the Immigration Judge with Respect to Custody). The immigration judge found that he lacked jurisdiction to entertain Petitioner's bond motion. (Doc. 1, p. 3). Petitioner did not appeal the immigration judge's June 5, 2017 bond redetermination decision.

II. **Discussion**

The Third Circuit has granted Petitioner a stay of removal and the petition for review remains pending before the Third Circuit Court of Appeals, hence, the order of removal has not become administratively final, and Petitioner is still considered to be in pre-removal immigration detention. *See* 8 U.S.C. § 1231(a)(1)(B)(ii) (providing that the removal period begins on . . . the following: "[i]If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order."); *see also Leslie v. Att'y Gen. of U.S.*, 678 F.3d 265, 270 (3d Cir. 2012) (noting that "the two years for which Leslie was detained while [the Third Circuit] stayed his removal . . . was governed by the pre-removal statute, § 1226."). Accordingly, "decisions concerning his ongoing detention are at the discretion of the immigration judge." *Perez-Cobon v. Bowen*, 2017 WL 6039733, at *2 (M.D. Pa. Dec. 6, 2017) (citing 8 U.S.C. § 1226(a)).

Pursuant to 8 U.S.C. § 1226(a), the Attorney General, through the Department of Homeland Security ("DHS") district director, has the authority to detain aliens during the "pre-removal" period, *i.e.*, while removal proceedings are ongoing but before the issuance of

a final order of removal. 8 U.S.C. § 1226(a). Specifically, "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." *Id.* The Attorney General is further authorized to continue to detain the arrested alien, release the alien on bond, or release the alien on conditional parole. 8 U.S.C. § 1226(a)(1)-(2). The discretionary judgment regarding the application of § 1226 is not subject to review and "[n]o court may set aside any action or decision by the Attorney General under [§ 1226] regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole." 8 U.S.C. § 1226(e).

If bond is denied and the alien is not subject to an administratively final order of removal, the alien may seek his release by requesting a bond redetermination hearing before an immigration judge. 8 C.F.R. §§ 236.1(d), 1003.19. The request "shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). An immigration judge's decision on a bond redetermination is appealable to the BIA. 8 C.F.R. § 236.1(d)(3). However, the BIA's decision to detain or release an arrested alien on bond is discretionary and is not subject to judicial review. 8 U.S.C. § 1226(e).

Respondent contends that Petitioner had the opportunity to request a bond redetermination hearing, he failed to appeal the immigration judge's bond redetermination decision to the BIA, and his continued detention is not unreasonably prolonged based on his

choices to litigate his appeals during the removal proceedings. (Doc. 13, pp. 4-11).

The United States Court of Appeals for the Third Circuit has provided guidance with respect to exhaustion of administrative remedies for bond hearings and redeterminations when an alien is in custody based on discretionary detention under 8 U.S.C. § 1226(a), as opposed to those under mandatory detention under 8 U.S.C. § 1226(c). In *Contant v. Holder*, 352 F. App'x 692 (3d Cir. 2009), the Third Circuit provided the following:

> Unlike the mandatory detention statute at issue in *[Demore v.] Kim*, [538 U.S. 510 (2003),] § 1226(a) provides for individualized detention determinations. Aliens detained pursuant to § 1226(a) may be released if they demonstrate they would not pose a danger to property or persons and they are likely to appear for any future proceedings. 8 C.F.R. § 236.1(c)(8). The alien may request a bond redetermination hearing before an IJ. 8 C.F.R. § 236.1(d)(1). An IJ may grant an alien's request for bond redetermination where the alien has shown that his "circumstances have changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). The alien may appeal the IJ's bond decision to the BIA. 8 C.F.R. § 236.1(d)(3).

*Contant*, 352 F. App'x at 695. Accordingly, because alien detainees detained under 8 U.S.C. § 1226(a) have individualized detention determinations available to them, as opposed to those held in mandatory detention under 8 U.S.C. § 1226(c), discretionary detainees held under 8 U.S.C. § 1226(a) have administrative remedies that should be exhausted before a petition for writ of habeas corpus would be necessary. *See id.*

In the instant case, Petitioner had the available remedy of appealing the immigration judge's bond determination and redetermination decisions to the BIA before filing this petition. The record is unclear as to whether Petitioner appealed the immigration judge's

6

June 27, 2016 bond decision to the BIA. However, it is undisputed that he did not appeal the June 5, 2017 bond redetermination decision to the BIA. Moreover, in *Contant*, the Third Circuit addressed a habeas petition filed by a pre-final order detainee in discretionary § 1226(a) detention. Contant was taken into custody by DHS and ordered detained without bond. *Id.* at 693. An immigration judge subsequently conducted a redetermination hearing and denied him release on bond. *Id.* The BIA subsequently affirmed the immigration judge's decision. *Id.* Contant then filed a habeas petition in district court, claiming that his indefinite detention without review was unreasonable and violated his right to due process. *Id.* at 694. The Court ultimately found that Contant's nineteen (19) month pre-removal immigration detention was not "indefinite" in violation of due process, because a decision on his removal appeared reasonably foreseeable and there was no indication that he could not be removed to his native country at the conclusion of his removal proceedings. *Id.* at 695-96.

Similarly, Petitioner is a pre-final order detainee held pursuant to § 1226(a), who was afforded a bond hearing and redetermination hearing, and was able to appeal those determinations to the BIA. On June 27, 2016, an immigration judge denied Petitioner's request for a change in custody status and found that he was a flight risk. On June 5, 2017, an immigration judge denied Petitioner's request for a change in custody status based on lack of jurisdiction. Petitioner admits that he did not appeal the immigration judge's June 5,

7

2017 bond redetermination decision, and asserts that it would have been futile to do so. (Doc. 6, p. 4). It is thus clear that Petitioner was afforded the review provided by the applicable regulations. However, the Court must determine whether his detention is indefinite in violation of due process.

Petitioner chiefly contends that his ongoing detention is contrary to the Third Circuit's decisions in *Diop v. ICE/Homeland Sec.*, 656 F.3d 221 (3d Cir. 2011), and *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469 (3d Cir. 2015). Both *Diop* and *Chavez-Alvarez* were abrogated in part by the United States Supreme Court's decision in *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018). However, those cases are not directly on point because they dealt with mandatory detention without bond pursuant to § 1226(c), not discretionary detention under § 1226(a), the provision applicable to Petitioner. *See Borbot v. Warden Hudson Cty. Corr. Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018). In *Borbot*, the Third Circuit recently drew a distinction between § 1226(c) and § 1226(a). *Borbot*, 906 F.3d 274. The Third Circuit held that "the reasonableness inquiry we performed in *Diop* and *Chavez-Alvarez* is inappropriate in the context of § 1226(a)," and provides no basis for relief for those who have received "meaningful process" in the form of a bona fide bond hearing before an immigration judge. *Id.* at 278-79. Indeed, where a Petitioner has received a bona fide bond hearing, this Court lacks jurisdiction to review the immigration judge's discretionary decision to deny bond. *Id.* at 279; *see also* 8 U.S.C. § 1226(e) ("No court may

set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole."). Once an alien has received a bond hearing before an immigration judge, this Court may not review the immigration judge's determination as to bond, and may not order a second bond hearing without proof of some "constitutional defect" or some other legal violation that in some way rendered the bond hearing less than bona fide. *Borbot*, 906 F.3d at 279.

In the instant matter, Petitioner has been detained for approximately thirty-two (32) months. Petitioner thus contends that the duration of detention has become excessive and he is entitled to a bond hearing. The record reflects that Petitioner received a bond hearing and a bond redetermination hearing. Petitioner appears to allege that the bond redetermination hearing was less than bona fide because the immigration judge claimed that he lacked jurisdiction to conduct such a hearing. (Doc. 15, p. 2). Because the immigration judge denied Petitioner's request for a change in custody status based on lack of jurisdiction, he presumably did not address whether Petitioner would be a flight risk or a danger to the community if he were released pending the outcome of his immigration proceedings. It appears that Petitioner did not receive a bond redetermination hearing on the merits, and he was not granted "meaningful process" by the immigration judge. *Borbot*, 906 F.3d at 278-79. As such, the Court will direct that Petitioner be granted a bond hearing before an immigration judge. *See, e.g., Garcia v. Green*, 2016 WL 1718102, at *3 (D.N.J.

2016) (a federal court can grant a new bond hearing to § 1226(a) detainee where the original hearing was conducted unlawfully or was not held at all, but cannot alter denial of release after the alien was provided a bona fide bond hearing).

## III. Conclusion

For the foregoing reasons, the Court will grant in part the petition for writ of habeas corpus insofar as it seeks an individualized bond hearing before an immigration judge.

A separate Order shall issue.

Dated: December ___, 2018

Robert D. Mariani
United States District Judge